UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

|  |  |
|---|---|
| ADAPTIX, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APPLE, INC., ) <br> AT&T, INC. and ) <br> AT&T MOBILITY LLC ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 6:12cv125 <br><br> JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which plaintiff, ADAPTIX, Inc. ("ADAPTIX"), complains against defendants, Apple, Inc. ("Apple") and AT&T, Inc. and AT&T Mobility LLC ("AT&T"), as follows:

**THE PARTIES**

1.  ADAPTIX is a Delaware corporation with its principal place of business at 4100 Midway Road, Suite 2010, Carrollton, Texas 75007.

2.  On information and belief, Apple is a California corporation with a principal place of business at 1 Infinite Loop, Cupertino, California 95014 and does business in this judicial district at 6121 West Park Boulevard, Plano, Texas 75093 and by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint. Apple's registered agent for service of process in Texas is CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201

06014198

3. AT&T, Inc. is a Delaware corporation with its principal place of business at 208 Akard Street, Dallas, Texas 75202 and regularly does business throughout this judicial district. AT&T, Inc.'s registered agent for service of process in Texas is CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

4. On information and belief, AT&T Mobility LLC is a Delaware corporation with its principal place of business at Glenridge Highlands Two, 5565 Glenridge Connector, Atlanta, Georgia 30342 and does business in this judicial district at 5976 West Parker Road, Plano, Texas 75093, and by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint. AT&T Mobility LLC's registered agent for service of process in Texas is CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b-c) and 1400(b). On information and belief, each defendant has purposely transacted business in this judicial district and has committed acts of joint, direct and/or indirect infringement in this judicial district.

7. On information and belief, each defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (A) at least part of their infringing activities alleged herein, and (B) regularly doing or soliciting business, engaging in

others persistent causes of conduct, and/or deriving substantial revenue from goods and services provided to persons and other entities in Texas and this judicial district.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 7,454,212)

8. ADAPTIX is the owner by assignment of United States patent number 7,454,212, entitled "OFDMA WITH ADAPTIVE SUBCARRIER-CLUSTER CONFIGURATION AND SELECTIVE LOADING" ("the '212 Patent") with ownership of all substantial rights in the '212 Patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof. A true and correct copy of the '212 Patent is attached as Exhibit A.

9. On information and belief, Apple is directly and/or indirectly infringing at least one claim of the '212 Patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized devices including without limitation Retina display iPads sold to AT&T which, at a minimum, directly infringe the '212 Patent. Apple is thereby liable for infringement of the '212 Patent pursuant to 35 U.S.C. § 271. Apple's infringement has caused damage to ADAPTIX, which infringement by defendants and damage to ADAPTIX will continue unless and until Apple is enjoined.

10. On information and belief, AT&T is directly and/or indirectly infringing at least one claim of the '212 Patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized devices including without limitation Retina display iPads which, at a minimum, directly infringe the '212 Patent. AT&T is thereby liable for infringement of the

'212 Patent pursuant to 35 U.S.C. § 271.  AT&T's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until AT&T is enjoined.

11. Defendants directly contribute and induce infringement through supplying infringing systems and components to customers. Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with defendants' instructions directly infringe one or more claims of the '212 Patent in violation of 35 U.S.C. § 271.

12. The infringement by each defendant identified in this Count has caused irreparable injury to ADAPTIX for which remedies at law are inadequate.  Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

## COUNT II
(INFRINGEMENT OF U.S. PATENT NO. 6,947,748)

13. ADAPTIX is the owner by assignment of United States patent number 6,947,748 entitled "OFDMA WITH ADAPTIVE SUBCARRIER-CLUSTER CONFIGURATION AND SELECTIVE LOADING" ("the '748 patent") with ownership of all substantial rights in the '748 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '748 patent is attached as Exhibit B.

14. On information and belief, Apple is directly and/or indirectly infringing at least one claim of the '748 Patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation Retina display iPads sold to AT&T which, at a minimum, directly infringe the '748 Patent.  Apple is thereby liable for

infringement of the '748 Patent pursuant to 35 U.S.C. § 271. Apple's infringement has caused damage to ADAPTIX, which infringement by defendants and damage to ADAPTIX will continue unless and until Apple is enjoined.

15. On information and belief, AT&T is directly and/or indirectly infringing at least one claim of the '748 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized devices including without limitation Retina display iPads which, at a minimum, directly infringe the '748 patent. AT&T is thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271. AT&T's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until AT&T is enjoined.

16. Defendants directly contribute and induce infringement through supplying infringing systems and components to customers. Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with defendants' instructions directly infringe one or more claims of the '748 patent in violation of 35 U.S.C. § 271.

17. The infringement by each defendant identified in this Count has caused irreparable injury to ADAPTIX for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

**PRAYER FOR RELIEF**

Wherefore, ADAPTIX respectfully requests that this Court enter:

A. Judgment in favor of ADAPTIX that each defendant has infringed the '212 and '748 patents as aforesaid;

B.      A permanent injunction enjoining each defendant, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all others acting in active concert or privity therewith from direct, indirect and/or joint infringement of the '212 and '748 patents pursuant to 35 U.S.C. § 283;

C.      Judgment and order requiring each defendant to pay ADAPTIX its damages with pre- and post-judgment interest thereon pursuant to 35 U.S.C. § 284;

D.      Any and all further relief to which the Court may deem ADAPTIX entitled.

## DEMAND FOR JURY TRIAL

ADAPTIX requests a trial by jury on all issues so triable by right pursuant to Fed. R. Civ. P. 38.

Date: March 9, 2012                              **ADAPTIX, INC.**

                                                  By: /s/ Paul J. Hayes (w/permission W. Hill)
Paul J. Hayes – LEAD ATTORNEY
Dean G. Bostock
**HAYES, BOSTOCK & CRONIN LLC**
300 Brickstone Square, 9th Fl.
Andover, Massachusetts 01810
Tel: (978) 809-3850
Fax: (978) 809-3869
Email: phayes@hbcllc.com
Email: dbostock@hbcllc.com

T. John Ward, Jr.
Texas State Bar. No. 00794818
J. Wesley Hill
Texas State Bar. No. 24032294
**WARD & SMITH LAW FIRM**
P.O. Box 1231
Longview, Texas 75606
Tel: (903) 757-6400
Fax: (903) 757-2323
Email: jw@wsfirm.com
Email: wh@wsfirm.com

**ATTORNEYS FOR THE PLAINTIFF ADAPTIX, INC.**