# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ADAPTIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., et al., <br><br> Defendants. | Case No. 5:13-cv-01776-PSG <br><br> **UPDATED DECLARATION OF MICHAEL B. POWELL IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULES 79-5 AND 7-11** |
| ADAPTIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., et al., <br><br> Defendants. | Case No. 5:13-cv-01777-PSG <br><br> **UPDATED DECLARATION OF MICHAEL B. POWELL IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULES 79-5 AND 7-11** |
| ADAPTIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> HTC CORP., et al., <br><br> Defendants. | Case No. 5:13-cv-01778-PSG <br><br> **UPDATED DECLARATION OF MICHAEL B. POWELL IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULES 79-5 AND 7-11** |
| ADAPTIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> HTC CORP., et al., <br><br> Defendants. | Case No. 5:13-cv-01844-PSG <br><br> **UPDATED DECLARATION OF MICHAEL B. POWELL IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULES 79-5 AND 7-11** |

| | |
|---|---|
| ADAPTIX, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>APPLE INC., et al.,<br><br>            Defendants. | Case No. 5:13-cv-02023-PSG<br><br>**UPDATED DECLARATION OF MICHAEL B. POWELL IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULES 79-5 AND 7-11** |

I, Michael B. Powell, declare as follows:

1. I am an attorney at the law firm of Cadwalader, Wickersham & Taft LLP. I am admitted *pro hac vice* in the Northern District of California for Case Nos. 5:13-cv-01777, -02023. I submit this declaration on behalf of AT&T Mobility LLC ("AT&T"). I have personal knowledge of the matters stated herein and, if called as a witness, I could and would testify competently and completely.

2. This declaration is filed in support of Defendants' Motion to File Under Seal, filed concurrently herewith.

3. This declaration sets forth the reasons why good cause exists to seal portions of Defendants' Motion for Attorneys' Fees Pursuant to Exhibit 11 to 35 U.S.C. § 285 ("Defendants' Motion for Fees"), the Declaration of Craig Davis in Support of Defendants' Motion for Fees ("Exhibit 11"), the Declaration of Christopher A. Hughes in support of Defendants' Motion for Fees (the "Hughes Declaration"), and the Declaration of Bryant C. Boren in support of the same (the "Boren Declaration").

4. According to the Ninth Circuit, parties seeking to seal documents in connection with a non-dispositive motion must only show "good cause" for doing so. *See, e.g.*, *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Circ. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal."); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Even under the more restrictive "compelling reasons" standard, applying Ninth Circuit law, the Federal Circuit has held that compelling reasons for sealing confidential information is found when the disclosure of the confidential business information would "cause competitive harm to a business," including "pricing terms [and] royalty rates." *Apple Inc. v. Samsung Elec. Co.*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013).

5.       The blue-highlighted portions (2:1-2, 2:5-6, and 12:22-23) and the red-highlighted portions (13:5-7 and 13:23-24) of **Defendants' Motion for Fees** discuss and describe confidential aspects of AT&T's LTE network.  In particular, these portions describe testing performed by third-parties related to AT&T's network.  Further, they describe the deployed settings of AT&T's LTE network—technical information that is highly sensitive and confidential to AT&T.  This Court has previously granted AT&T's request to seal comparable material.  (*See* D.I. 01777-434, 11/20/2014, Omnibus Order Regarding Motions to Seal (granting sealing request for material related to confidential aspects of AT&T's LTE network)).  For similar reasons, AT&T requests that the red-highlighted portions of Exhibit 11 be sealed.

6.       The red-highlighted portions (101:6-7, 101:9, 101:12, 101:14-17) of **Exhibit 11** discuss and describe confidential aspects of the operation of base stations in AT&T's LTE network.  In particular, these portions describe specific feedback reporting modes used by each of AT&T's base station vendors, confidential details regarding the interaction of base stations and connected handsets in AT&T's LTE network, and confidential aspects of internal base station settings.  In addition, AT&T believes these portions of Exhibit 11 may be confidential to third-parties Ericsson and Alcatel-Lucent.  This Court has previously granted AT&T's request to seal comparable material.  (*See* D.I. 01777-434, 11/20/2014, Omnibus Order Regarding Motions to Seal (granting sealing request for material related to confidential aspects of AT&T's LTE network)).  For similar reasons, AT&T requests that the red-highlighted portions of Exhibit 11 be sealed.

7.       The red-highlighted portions (5:10-15, 5:21-23) of the **Hughes Declaration** discuss and describe highly confidential material relating to AT&T's payment of attorney's fees over the course of this litigation.  Accordingly, these portions disclose highly-sensitive information related to AT&T's litigation costs, which would cause competitive harm to AT&T if disseminated to potential adverse litigants and AT&T's competitors.  *See Apple*, 727 F.3d at 1221-22, 1229 (determining sensitive financial information to be sealable).  Further, the public dissemination of these portions would competitively harm AT&T in financial transactions, such as licensing negotiations.  *See id*. (determining  material related to "pricing terms [and] royalty rates" to be sealable).  This Court has previously granted AT&T's request to seal comparable financial-related

material.  (*See* D.I. 01777-470, 12/17/2014, Order Granting Administrative Motion to File Under Seal (granting AT&T's request to file sensitive financial information under seal)).  In addition, these portions are confidential because of the attorney-client relationship between Cadwalader, Wickersham & Taft LLP and AT&T and because the highlighted items are not publicly known.  For these reasons, AT&T requests that the specified red-highlighted portions of the Hughes Declaration be sealed.

8. In addition, the red-highlighted portion (2:26-3:2) of the **Hughes Declaration** discusses and describes the damages Adaptix sought against AT&T in this litigation.  This portion is related to the calculation of royalty rates and, as such, would competitively harm AT&T in financial transactions, such as licensing negotiations, if publicly disclosed.  *See Apple*, 727 F.3d at 1221-22, 1229 (determining  material related to "pricing terms [and] royalty rates" to be sealable).  This Court has previously granted AT&T's request to seal comparable financial-related material.  (*See* D.I. 01777-470, 12/17/2014, Order Granting Administrative Motion to File Under Seal (granting AT&T's request to file sensitive financial information under seal)).  For similar reasons, AT&T requests that this red-highlighted portion of the Hughes Declaration be sealed.

9. The red-highlighted portions (3:22, 5:25, 6:2, 6:8-19)  of the **Boren Declaration** discuss and describe highly confidential material relating to AT&T's payment of attorney's fees over the course of this litigation.  Accordingly, these portions disclose highly-sensitive information related to AT&T's litigation costs, which would cause competitive harm to AT&T if disseminated to potential adverse litigants and AT&T's competitors.  *See Apple*, 727 F.3d at 1221 (determining sensitive financial information to be sealable).  Further, the public dissemination of these portions would competitively harm AT&T in financial transactions, such as licensing negotiations.  *See id*. (determining material related to "pricing terms [and] royalty rates" to be sealable).  This Court has previously granted AT&T's request to seal comparable financial-related material.  (*See* D.I. 01777-470, 12/17/2014, Order Granting Administrative Motion to File Under Seal (granting AT&T's request to file sensitive financial information under seal)).  In addition, these portions are confidential because of the attorney-client relationship between Baker Botts L.L.P. and AT&T and because the highlighted items are not publicly known.  For these reasons, AT&T requests that these

1  specified red-highlighted portions of the Boren Declaration be sealed.

2  10. In addition, the red-highlighted portion (2:26-3:2) of the **Boren Declaration**
3  discusses and describes the damages Adaptix sought against AT&T in this litigation. This portion
4  is related to the calculation of royalty rates and, as such, would competitively harm AT&T in
5  financial transactions, such as licensing negotiations, if publicly disclosed. *See Apple*, 727 F.3d at
6  1221-22, 1229 (determining material related to "pricing terms [and] royalty rates" to be sealable).
7  This Court has previously granted AT&T's request to seal comparable financial-related material.
8  (*See* D.I. 01777-470, 12/17/2014, Order Granting Administrative Motion to File Under Seal
9  (granting AT&T's request to file sensitive financial information under seal)). For similar reasons,
10 AT&T requests that this red-highlighted portion of the Boren Declaration be sealed.

11 11. Furthermore, the red-highlighted portion (3:7-8) of the **Boren Declaration**
12 discusses and describes confidential aspects of AT&T's LTE network. In particular, this portion
13 describes the deployed settings of AT&T's LTE network—technical information that is highly
14 sensitive and confidential to AT&T. This Court has previously granted AT&T's request to seal
15 comparable material. (*See* D.I. 01777-434, 11/20/2014, Omnibus Order Regarding Motions to Seal
16 (granting sealing request for material related to confidential aspects of AT&T's LTE network)).
17 For similar reasons, AT&T requests that this red-highlighted portion of the Boren Declaration be
18 sealed.

19 12. For the reasons stated herein, AT&T requests the Court seal the highlighted
20 portions of the aforementioned documents. This request is narrowly tailored to seal only that
21 material for which good cause to seal has been established.

23 I declare under penalty of perjury under the laws of the United States that the foregoing is
24 true and correct.

26 Executed on this 18th day of February 2015 in New York, New York.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,

/s/ *Michael B. Powell*_____
Michael B. Powell

**Cadwalader, Wickersham & Taft LLP**

Counsel for AT&T Mobility LLC