Christopher A. Hughes (*pro hac vice*)
John T. Moehringer (*pro hac vice*)
Robert M. Pollaro (*pro hac vice*)
Howard Wizenfeld (*pro hac vice*)
Regina M. Lutz (*pro hac vice*)
Michael B. Powell (*pro hac vice*)
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281
Phone: (212) 504-6000
Fax: (212) 504-6666
christopher.hughes@cwt.com
john.moehringer@cwt.com
robert.pollaro@cwt.com
howard.wizenfeld@cwt.com
regina.lutz@cwt.com
michael.powell@cwt.com

*Attorneys for Defendant AT&T Mobility LLC.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ADAPTIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> AT&T MOBILITY LLC, *et al.*, <br><br> Defendants. | Case No. 5-13-cv-01777-PSG <br><br> **DECLARATION OF CHRISTOPHER A. HUGHES IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285** <br><br> Hearing Date: March 31, 2015, at 10:00 A.M. <br> Courtroom 5, 4th Floor <br> Magistrate Judge Paul S. Grewal |
| ADAPTIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> AT&T MOBILITY LLC, *et al.*, <br><br> Defendants. | Case No. 5-13-cv-02023-PSG <br><br> **DECLARATION OF CHRISTOPHER A. HUGHES IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285** <br><br> Hearing Date: March 31, 2015, at 10:00 A.M. <br> Courtroom 5, 4th Floor <br> Magistrate Judge Paul S. Grewal |

1

Case Nos. 5:13-cv-01777, -02023   Hughes Decl. I/S/O Defendants' Motion for Attorneys' Fees Pursuant to 35 U.S.C. § 285

**DECLARATION OF CHRISTOPHER A. HUGHES IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285**

I, Christopher A. Hughes, declare under the laws of the United States as follows:

1. I am a partner with the law firm of Cadwalader, Wickersham & Taft LLP ("Cadwalader"), counsel for AT&T Mobility LLC ("AT&T") in the above-captioned cases. I am licensed to practice law in the State of New York, and am admitted to practice *pro hac vice* before the U.S. District Court for the Northern District of California. I have personal knowledge of the matters stated in this declaration, and I could and would testify competently thereto if called to do so.

2. I make this declaration in support of AT&T' Motion for Attorneys' Fees on the grounds that, under 35 U.S.C. § 285 and the U.S. Supreme Court's ruling in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), the present action qualifies as an "exceptional" case. On February 2, 2014, the Court entered Final Judgment in favor of AT&T and the other defendants and against Adaptix on all of Adaptix's claims for patent infringement. (Dkt. No. 489 in Case No. 5:13-cv-01777-PSG; Dkt. No. 461 in Case No. 5:13-cv-02023-PSG.). Adaptix took nothing by way of its complaints against AT&T. AT&T (and each of the other defendants) is therefore a prevailing party.

3. At the outset of this case, Adaptix asserted 25 claims (at one point asserting up to 31 claims) from the patents-in-suit. AT&T and the other defendants produced tens of millions pages of documents—including, by AT&T, millions of pages of confidential AT&T documents; the parties also conducted more than twenty-five depositions, filed more than ten substantive motions, and exchanged more than eight expert reports.

4. In addition, the parties conducted extensive third-party discovery, including, *e.g.*, depositions of, and documents subpoenaed from, third-parties, such as Ericsson, Alcatel-Lucent, Qualcomm, and Microsoft (among others).

5. Adaptix's sought substantial damages from AT&T, including a royalty of ▌

2

Case Nos. 5:13-cv-01777, -02023                    Hughes Decl. I/S/O Defendants' Motion for
                                                   Attorneys' Fees Pursuant to 35 U.S.C. § 285

████████ Adaptix's expert offered an opinion that, ████████
████████████████████████████████████████ In addition, Adaptix sought to enjoin AT&T from further sales of these devices.

6. Pursuant to Local Rule 54-5(b)(1), I certify that counsel for the parties to this action have met and conferred prior to the filing of this motion, and that Adaptix' counsel informed the parties that it will oppose.

7. I have practiced law for over thirty-five years and am the head of Cadwalader's Intellectual Property Practice Group. During that time, I have worked out budgets with numerous clients, including the arrangement with AT&T for the present cases. I am also generally familiar with the current billing rates for Cadwalader's peer law firms. In my experience, Cadwalader's hourly billing rates are consistent with those of large international and national firms with comparable practices.

8. I understand that, in the Ninth Circuit, reasonable attorney fees' are determined by first calculating the "lodestar." *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). The lodestar is calculated "by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). There is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan*, 815 F.2d at 1262.

9. In these cases, the core team of Cadwalader lawyers handling the defense of AT&T in these two Adaptix cases primarily consisted of four attorneys. Pursuant to Local Rule 54-5(b)(2), the following is a description of each of those four Cadwalader attorneys for which AT&T submits the accompanying request for recovery:

- **Christopher A. Hughes**. I am a Cadwalader partner and head of Cadwalader's Intellectual Property Litigation Group. I have more than thirty-five years of experience as a litigator, with a primary focus on intellectual property litigation. I served as AT&T's lead counsel in these cases . I attended numerous court hearings in this case, had a significant role in drafting all of AT&T's motions, worked with experts and directed overall strategy, among other

1 tasks. I graduated from NYU with an B.S. degree in 1970 and from NYU School of Law with a J.D. degree in 1973. Before I was a partner at Cadwalader, I was a partner at Morgan & Finnegan, where I also began my career.

- **John T. Moehringer**. Mr. Moehringer is a partner at Cadwalader with more than eighteen years of experience as a litigator, with a primary focus on intellectual property litigation. Mr. Moehringer's work on this matter included taking and defending depositions, working with experts, coordinating high-level offensive and defensive discovery decisions, and formulating overall strategy. Mr. Moehringer graduated from Polytechnic University with a B.S.E.E. and M.S.M. in 1990 and 1992, respectively, and from Fordham University, School of Law with a J.D. degree in 1996. Before he was a partner at Cadwalader, he was a partner at Morgan & Finnegan, where he also began his career.

- **Regina M. Lutz**. Ms. Lutz is an associate with more than thirteen years of experience as a litigator, with a primary focus on intellectual property. Ms. Lutz's work on this matter included coordinating discovery, with an emphasis on third-party discovery (including 3rd party discovery related to Qualcomm), assisting in drafting AT&T's motions and written discovery/responses, and reviewing and producing documents. Ms. Lutz graduated from the University of Scranton with a B.S. in 1998 and from Hofstra University School of Law in 2001. Before joining Cadwalader, she was previously an associate at Morgan & Finnegan, where she also began her career.

- **Michael B. Powell**. Mr. Powell is a third-year litigation associate in Cadwalader's Intellectual Property Litigation practice group. Mr. Powell's work on this matter included coordinating discovery, reviewing and producing documents, taking and attending depositions, working with experts, and assisting in drafting AT&T's motions and written discovery. Mr. Powell graduated from the University of California, Berkeley with a B.A. degree in 2009 and from NYU School of Law with a J.D. degree in 2012.

10. Mr. Moehringer, Ms. Lutz, Mr. Powell, and I formed the core Cadwalader team that defended AT&T in this litigation. More than five other Cadwalader attorneys and paralegals

billed a meaningful amount of time to this case, for which AT&T paid, during the course of the litigation. While I believe the hours of these Cadwalader attorneys and paralegals were necessary and valuable in defending AT&T in this litigation, to be conservative, AT&T is focusing its present request on the core team of four lawyers..

11.   Pursuant to Local Rule 54-5(b)(2) and (b)(3), I have set forth below a true and accurate statement of the average effective hourly billing rate for each person whose service fees are claimed and the number of hours billed for each person in connection with the litigation against Adaptix—from its outset through the end of January 2015, as reflected in the electronic records of Cadwalader for these matters:

| Cadwalader Attorney | Hours of Work on Litigation | Average Rate Billed[1] | Total Amount |
|---|---|---|---|
| Christopher A. Hughes | ■ | ■ | ■ |
| John T. Moehringer | ■ | ■ | ■ |
| Regina M. Lutz | ■ | ■ | ■ |
| Michael B. Powell | ■ | ■ | ■ |

12.   In addition, AT&T seeks to recover legal expenses of ■ paid to System One Holdings, LLC ("System One") for document review services that were billed to the -1777, -1778, and -2023 cases. I understand System One is a document review company that provides lawyers who review documents for responsiveness and privilege prior to production. Cadwalader's lawyers participated in training sessions for System One's document review team and provided second-level review of their work. I also understand that System One's fees were billed directly to and paid by AT&T, and totaled ■

13.   AT&T thus seeks to recover ■ for Cadwalader's legal fees and ■ for System One's document review fees, for a total of ■

---

[1] Over the course of the litigation, different rates were billed and different discounts were applied. The rates provided above reflect the average of actual rates paid to Cadwalader for its work on the litigation.

14. If the Court requires, I am prepared to provide the Court with more detailed time records for *in camera* inspection.

15. The fees set forth in paragraph 11 reflect Cadwalader's negotiated/effective billing rates to AT&T, based on the arrangements with AT&T as well as various judgments as to compliance with AT&T's billing expectations and guidelines, the comings and goings of personnel working on the cases, etc..

16. In my capacity as lead Cadwalader counsel for AT&T, I personally review each and every time entry before submitting Cadwalader's invoices to AT&T for payment. Occasionally, exercising my professional judgment, I may make appropriate judgments as to time/billing charges for various tasks before submission to AT&T.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief and that this Declaration was executed on February 17, 2015 in New York, New York.

                                                       */s/ Christopher A. Hughes*
                                                       Christopher A. Hughes