UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADAPTIX, INC.,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>APPLE, INC., et al.,<br><br>　　　　　　　　Defendants. | Case No. 5:13-cv-01776-PSG<br><br>**ORDER DENYING DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES**<br><br>**(Re: Docket No. 431)** |
| ADAPTIX, INC.,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>APPLE, INC., et al.,<br><br>　　　　　　　　Defendants. | Case No. 5:13-cv-01777-PSG<br><br>**ORDER DENYING DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES**<br><br>**(Re: Docket No. 499)** |
| ADAPTIX, INC.,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>AT&T MOBILITY LLC, et al.,<br><br>　　　　　　　　Defendants. | Case No. 5:13-cv-01778-PSG<br><br>**ORDER DENYING DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES**<br><br>**(Re: Docket No. 424)** |

1
Case Nos.: 5:13-cv-01776-PSG; -01777; -01778; -01844; -02023
ORDER DENYING DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES

| | |
|---|---|
| ADAPTIX, INC.,<br><br>    Plaintiff,<br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, et al.,<br><br>    Defendants. | Case No. 5:13-cv-01844-PSG<br><br>**ORDER DENYING DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES**<br><br>**(Re: Docket No. 395)** |
| ADAPTIX, INC.,<br><br>    Plaintiff,<br>v.<br><br>APPLE, INC., et al.,<br><br>    Defendants. | Case No. 5:13-cv-02023-PSG<br><br>**ORDER DENYING DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES**<br><br>**(Re: Docket No. 471)** |

Convinced that the Federal Circuit's approach to fee awards in "exceptional cases" under 28 U.S.C. § 285 was too "rigid and mechanical," the Supreme Court set a more flexible standard that construes "exceptional" according to its "ordinary meaning."[1] To secure fees, no longer must a winning party show "both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless."[2] Now, an exceptional case "is simply one that stands out from others."[3] In this case, the court considers whether Defendants Apple Inc., AT&T Mobility LLC, Verizon Wireless and HTC Corporation meet this standard, having secured summary judgment of non-infringement as well as invalidity. Because the history of infringement contentions, discovery conduct and case filings does not, in the court's mind, stand out from others, the court DENIES Defendants' motions for fees.

---

[1] *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1754 (2014).

[2] *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005).

[3] *See Octane Fitness,* 134 S. Ct. at 1754, 1756.

2
Case Nos.: 5:13-cv-01776-PSG; -01777; -01778; -01844; -02023
ORDER DENYING DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES

**I.**

Over the past three years, Plaintiff Adaptix, Inc. has filed dozens of cases in multiple "waves" of litigation in this court and the Eastern District of Texas. Adaptix alleges that various LTE mobile handset manufacturers and wireless carriers infringe U.S. Patent Nos. 6,947,748 and 7,454,212. Among other things, the LTE standard sets out how handsets can report feedback on channel quality to base stations in a carrier's LTE network. This feedback is referred to as "CQI" (channel quality indicators).

Within the LTE standard, there are three different types of CQI reporting. In Mode 1, the handset reports a wideband CQI value for the entire available bandwidth.[4] In Mode 2, the handset reports a wideband value along with a CQI value associated with a subset of subbands in the bandwidth.[5] In Mode 3, the handset reports a wideband value along with individual values for all subbands in the bandwidth.[6]

In the Wave 1 cases now before the court,[7] Adaptix primarily accused Defendants of infringing both the asserted apparatus and method claims using Mode 2, but included mappings and language that also accused Mode 3.[8] Adaptix repeated these accusations even as it amended its infringement contentions. A key issue in the case concerned exactly what carrier used what mode, if any. After discovery on this issue and others closed, Adaptix dropped any claims against Mode 2 and exclusively targeted Mode 3's alleged direct infringement of the method claims. The discovery showed that Defendants' networks were using Mode 3 only.

The case then proceeded to dispositive motions. Among its rulings, the court agreed with Defendants that certain asserted claims are invalid as indefinite and that no reasonable jury could

---

[4] *See* Case No. 5:13-cv-01776: Docket No. 431-3 at 37, 44.

[5] *See id.* at 38-39, 44-46.

[6] *See id.* at 37-38.

[7] The "Wave 1" cases are: 5:13-cv-01776, 5:13-cv-01777, 5:13-cv-01778, 5:13-cv-01844, 5:13-cv-02023.

[8] *See, e.g.*, Case No. 5:13-cv-01776: Docket No. 431-3 at 25.

find that Defendants directly infringed the asserted method claims by selling Mode 3-capable phones.[9] Ultimately, this court entered final judgment in favor of Apple, AT&T, Verizon and HTC as follows:

> The Court enters final judgment in favor of [Defendants] and against [P]laintiff Adaptix, Inc. [] on all of Adaptix's claims for infringement of U.S. Patent No. 7,454,212 [] and U.S. Patent No. 6,947,748 []. Plaintiff shall take nothing by way of its complaint.
>
> In addition, claims 9 and 10 of the '212 patent and claims 8 and 9 of the '748 patent are adjudged invalid. Defendants' counterclaims with respect to all other patent claims of the '212 patent and '748 patent are hereby dismissed without prejudice.[10]

With an appeal currently pending at the Federal Circuit, Defendants now seek attorneys' fees under *Octane Fitness*, arguing that Adaptix's litigation conduct constitutes "exceptional circumstances" warranting an award of fees.

## II.

This court has jurisdiction under 28 U.S.C. §§ 1331 and 1338. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).

The court may award reasonable attorneys' fees to the prevailing party in "exceptional cases."[11] In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, the Supreme Court interpreted the term "exceptional" under the statute "in accordance with its ordinary meaning"—"uncommon, rare, or not ordinary."[12] For the purpose of awarding attorneys' fees, an "exceptional case" is one that "stands out" in light of the applicable law, particular facts and manner in which the case was litigated.[13] "[A] case presenting either subjective bad faith or exceptionally meritless claims may

---

[9] *See* Case No. 5:13-cv-01776, Docket Nos. 405, 413.

[10] Case No. 5:13-cv-01776: Docket No. 419.

[11] *See* 35 U.S.C. § 285.

[12] 134 S. Ct. at 1756.

[13] *Id.*

sufficiently set itself apart from mine-run cases to warrant a fee award."[14]  "Exceptional circumstances" need only be shown by a preponderance of the evidence and must be determined on a case-by-case basis, "considering the totality of the circumstances."[15]

While there can be no question that at times this case was not prosecuted as efficiently as possible, the court is not persuaded that any exceptional circumstances arose justifying an award of attorneys' fees.

### III.

In support of their contention that Adaptix's conduct throughout these cases has been "exceptional," Defendants rely on (1) Adaptix's pursuit of its Mode 2 infringement theory for over two years; (2) Adaptix's shifting infringement theories; (3) Adaptix's reliance on *SiRF Tech., Inc. v. Int'l Trade Comm.* to support its infringement theories; (4) Adaptix's discovery conduct and (5) Adaptix's filing of serial lawsuits.  While these circumstances may well have frustrated Defendants, and at times maybe even the court, in light of the procedurally complex nature of the case, the court cannot say Adaptix's conduct was "exceptional" so as to warrant an award of attorneys' fees.

***First***, that Adaptix continued to pursue its infringement theory based on Mode 2—even in the face of Defendants' insistence that the accused products did not practice Mode 2—was not in and of itself improper.  Defendants argue that because of the optional nature of Mode 2—and Defendants' repeated disclosure that the accused devices did not practice Mode 2 on the AT&T or Verizon networks—Adaptix blindly and imprudently continued to pursue a theory that could have no merit.  But throughout the case Adaptix pursued infringement theories based on both Modes 2 and 3.  That is clear from both its mapping of the patents and its statements in its original and amended infringement contentions.  However misguided, there is nothing to suggest that this pursuit was based on anything but a good faith belief that Defendants' products infringed both modes.

---

[14] *Id.* at 1757.

[15] *Id.* at 1756-57.

*Defendants* cite no authority for the proposition that a patentee must accept the representations of an accused infringer and forego additional discovery based on those representations. In fact, it is undisputed that the accused devices are capable of using Mode 2, which can be a sufficient basis for infringement of an apparatus claim.[16] Nor do Defendants offer any authority suggesting that, despite the LTE standard describing Mode 2 use, Adaptix was required to test whether Defendants used Mode 2 on AT&T and Verizon's networks before it filed suit.[17]

***Second***, Adaptix did not engage in exceptional conduct in shifting the focus of its infringement case from Mode 2 to Mode 3. Defendants may believe that Adaptix did not properly assert its Mode 3 infringement theory until January 2014—just before the close of fact discovery. But as noted earlier, Adaptix's initial infringement contentions—dating back to August 2012—accuse both Modes 2 and 3.[18] While Defendants take issue with the cursory fashion in which Mode 3 may have been addressed in these contentions, the time to challenge such deficiencies was in August 2012 when they were initially served.[19] Not now, in a post-judgment motion for fees.

It is true that Adaptix eventually picked one horse—a lame horse, it turns out— to ride relatively late in the case. But narrowing infringement theories in the lead-up to trial is not

---

[16] *See, e.g.*, *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1204 (Fed. Cir. 2011) ("[T]o infringe a claim that recites capability and not actual operation, an accused device 'need only be capable of operating' in the described mode." (quoting *Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 832 (Fed. Cir. 1991)).

[17] Defendants cite two recent cases from this district: *IPVX Patent Holdings, Inc. v. Voxernet LLC*, Case No. 5:13-cv-01708, 2014 WL 5795545 (N.D. Cal. Nov. 6, 2014) and *Yufa v. TSI, Inc.*, Case No. 4:09-cv-01315, 2014 WL 4071902 (N.D. Cal. Aug. 14, 2014). But neither of these cases involved infringement charges against products that practiced a standard like 3GPP LTE.

[18] *See* Case No. 5:13-cv-01776: Docket No. 431-4 at 24-26, 50-52, 62-64, 78-80, 93-94, 121-23, 140-42, 154-56, 171-73.

[19] *Cf. Technology Licensing Corp. v. Grass Valley USA, Inc*, Case No. 3:12-cv-06060-PSG, 2014 WL 3752108, at *4 (N.D. Cal. July 30, 2014).

improper.[20] Adaptix could not support its Mode 2 theory after several months of discovery and simply decided to let it go. There is no hint of gamesmanship here.

***Third***, Adaptix's reliance on *SiRF Technology* was not entirely unreasonable. Defendants may think that Adaptix should not have relied on *SiRF Technology* to support its infringement case, in light of other Federal Circuit precedent such as *Joy Techs., Inc. v. Flakt, Inc.*[21] and *Ricoh Co. v. Quanta Computer Inc.*[22] But as this court suggested in its summary judgment order—where it ultimately rejected Adaptix's position—before the Federal Circuit's decision in *Ericsson, Inc. v. D-link Systems, Inc.*, it was less than clear which line of cases applied.[23]

***Fourth***, the mere fact that Defendants moved to compel Adaptix five times during the course of this litigation—and that the court ruled in Defendants' favor each time—does not suggest exceptional circumstances. Considering the totality of the circumstances—dozens of cases filed in multiple districts against multiple defendants over the past three years—it is not surprising that a case of such magnitude and complexity might give rise to numerous discovery skirmishes. And while it may be true that the court ultimately sided with Defendants again and again, there is no indication that Adaptix intentionally stonewalled Defendants during discovery. Whenever parties reach an impasse during discovery, the proper recourse is to turn to the court for resolution. The court cannot, in this instance, penalize Adaptix for availing itself of this resource.

---

[20] *See, e.g.*, *Adobe Sys., Inc. v. Wowza Media Sys., Inc.*, Case No. 11-cv-02243, 2013 WL 9541126, at *1 (N.D. Cal. May 6, 2013) (following discovery, party was "in a position to determine its strongest claims" and directed to narrow its claims); *Stragent, LLC v. Intel Corp.*, Case No. 6:11-cv-00421, 2014 WL 6756304, at *5 (E.D. Tex. Aug. 6, 2014) ("[Defendant] argues [Plaintiff] delayed in disclosing certain positions and in abandoning certain other claims and positions, and that this constituted litigation misconduct. It did not.").

[21] 6 F.3d 770, 774-75 (Fed. Cir. 1993).

[22] 550 F.3d 1325, 1335 (Fed. Cir. 2008).

[23] *See* Case No. 5:13-cv-01776: Docket No. 405 at 2-3 ("As the undersigned struggled to reconcile [the *Ricoh* and *SiRF*] holdings following a spirited oral argument, into his lap fell a new Federal Circuit decision issued on December 4, 2014—*Ericsson, Inc. v. D-link Systems, Inc.*—that reconciled these seemingly contradictory holdings for him.").

***Fifth***, Adaptix's filing of numerous lawsuits against Defendants—while onerous on both Defendants and the court—was not so exceptional as to warrant an award of fees. It is true that Adaptix has pursued multiple waves of cases against the same core defendants. But it is also true, as Adaptix points out, that it tried to amend its contentions in the original cases to add new theories and products and that Defendants opposed such amendment. The court agreed with Defendants' objections, either due to lack of diligence or prejudice. While the court has since deemed such serial filings inappropriate under the doctrines of claim preclusion, claim splitting, *Kessler* and issue preclusion,[24] Adaptix vigorously and legitimately argued that these doctrines do not apply. That they were ultimately wrong in the eyes of this court does not suggest that their position was unreasonable.

## IV.

Defendants' motions for attorneys' fees is DENIED.

**SO ORDERED.**

Dated: September 2, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[24] *See* Case No. 5:14-cv-01385: Docket No. 146.